(58 Misc. Rep. 21.)

## OLSEN v. WENDT.

(City Court of New York, Trial Term. February, 1908.)

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.

In an action for personal injuries, where plaintiff's left hand was lacerated, the index finger injured, the bone broken, and the finger had to be kept in a plaster cast for 14 days, and the injury and attendant shock disabled the plaintiff for 3 months, and he earned at his trade $4 per day, a verdict of $300 is not excessive.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 357–394.]

Action by John E. Olsen against Charles Wendt. Verdict for plaintiff. Motion to reduce the amount of damages denied.

F. A. Acer (L. S. Posner, of counsel), for plaintiff.
W. O. Campbell, for defendant.

FINALITE, J. This is an action brought against the defendant to recover damages for injuries received while in the defendant's employ, at the defendant's place of business, at No. 122 William street, city of New York. The defendant carries on business as a carpenter and builder at the aforesaid address, and on the 27th day of September, 1904, the plaintiff called at the shop of the defendant for material to finish some work that he was then employed upon for the defendant. The defendant, while passing a board to the plaintiff from the position it had been in theretofore (in an upright and dangerous position), so did it as that, while plaintiff was reaching for the same, the upper portion of said board was brought into contact by the defendant with a rapidly revolving pulley and shaft overhead, which struck and drove the board with great force and violence from the hands of the defendant against and upon the left hand of the plaintiff, thereby lacerating and bruising the plaintiff's said hand and seriously injuring the index finger thereof, so that it became disabled. The bone of said finger was broken, had to be placed in a plaster of paris cast, and kept in that condition for a period of 14 days. From said injuries, the shock received, and pain suffered, plaintiff was unable to work for a period of 3 months. He further testified that he was earning at his trade $4 a day. The jury having awarded the plaintiff a verdict in the sum of $300, the defendant moved to reduce the verdict upon the ground that the same is excessive. From a careful and exhaustive examination of the authorities in similar cases I come to the conclusion that the amount awarded is not excessive.

Motion to reduce the amount of the verdict must therefore be denied. Defendant may have an exception to the court's denial of the motion, with 10 days' stay of execution after notice of entry of judgment, and 30 days to make and serve a case on appeal.

Ordered accordingly.